**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No.:**

PHILIP ROSE,

     **Plaintiff,**                                  **COMPLAINT**

v.

EQUIFAX INFORMATION SERVICES LLC,
TRANS UNION LLC, CAPITAL ONE, N.A.
D/B/A CAPITAL ONE AUTO FINANCE, and
JEFFERSON CAPITAL SYSTEMS, LLC

                                    **DEMAND FOR JURY TRIAL**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, Philip Rose ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC ("Defendant Equifax" or "Equifax"), Defendant Trans Union LLC ("Defendant Trans Union" or "Trans Union"), Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("Defendant Capital One" or "Capital One"), and Defendant Jefferson Capital Systems, LLC ("Defendant Jefferson Capital" or "Jefferson Capital") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**DEMAND FOR JURY TRIAL**

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Capital One, N.A. d/b/a Capital One Auto Finance is a financial institution whose headquarters is located at 1680 Capital One Dr., Mclean, Virginia 22102.

8.      Defendant Jefferson Capital is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

**GENERAL ALLEGATIONS**

9.      This action involves derogatory and inaccurate reporting of an automobile loan account (the "Account") by Capital One and Jefferson Capital, attributed to the Plaintiff by the Credit Reporting Agencies, Equifax and Trans Union.

10.     The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential

and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

11.     In or around May 2014, Plaintiff opened the Account with Defendant Capital One, the original creditor of the Account.

12.     In or around March 2018, the Account was charged off by Capital One and sent to Defendant Jefferson Capital.

13.     To this date, Capital One is reporting the Account's balance as $10,762.

14.     To this date, Jefferson Capital is reporting the Account's balance as $9,086.

15.     The Account being reported by Capital One is the same Account being reported by Jefferson Capital. Despite this, Capital One and Jefferson Capital are reporting different balances under the Account.

16.     Further, to this date, Jefferson Capital is reporting the original creditor of the Account as CARMAX, when the original creditor is instead Defendant Capital One.

17.     In or around November 2023, Plaintiff requested a copy of his credit report from Defendant Equifax. The Equifax report listed the Account's balance as $10,762 as to Defendant Capital One and $9,086 as to Defendant Jefferson Capital. Further, the Equifax report listed the Account's original creditor as CARMAX as to Defendant Jefferson Capital.

18.     In or around November 2023, Plaintiff submitted a dispute to Defendant Equifax because the Equifax report was showing the Account's balance as $10,762 as to Defendant Capital One and $9,086 as to Defendant Jefferson Capital. Further, Plaintiff submitted his dispute to Equifax because the Equifax report was showing the Account's original creditor as CARMAX as to Defendant Jefferson Capital.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     In or around December 2023, Defendant Equifax verified the Account as accurate despite receiving evidence from Plaintiff that the Account was being reported inaccurately.

20.     As of the filing of this complaint, Defendant Equifax is still reporting the Account inaccurately on Plaintiff's Equifax report.

21.     In or around November 2023, Plaintiff requested a copy of his credit report from Defendant Trans Union. The Trans Union report listed the Account's balance as $10,762 as to Defendant Capital One and $9,086 as to Defendant Jefferson Capital. Further, the Equifax report listed the Account's original creditor as CARMAX as to Defendant Jefferson Capital.

22.     In or around November 2023, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union report was showing the Account's balance as $10,762 as to Defendant Capital One and $9,086 as to Defendant Jefferson Capital. Further, Plaintiff submitted his dispute to Equifax because the Equifax report was showing the Account's original creditor as CARMAX as to Defendant Jefferson Capital.

23.     In or around December 2023, Defendant Trans Union verified the Account as accurate despite receiving evidence from Plaintiff that the Account was being reported inaccurately.

24.     As of the filing of this complaint, Defendant Trans Union is still reporting the Account inaccurately on Plaintiff's Equifax report.

**COUNT 1**
**<u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>**
(Against Defendant Equifax)

25.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5 and 9-20 of this Complaint.

26.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the Account with

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant Equifax and continues to include the same inaccurate and derogatory information concerning reporting of the Account.

27.     In or around November of 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around November of 2023, Plaintiff disputed this inaccurate and derogatory information to Equifax.

28.     Despite Equifax having been put on notice of the inaccurate and derogatory reporting, Equifax did not remove the inaccurate reporting of the Account from Plaintiff's Equifax report.

29.     As of the filing of this complaint, the derogatory and inaccurate information about the Account is still listed on Plaintiff's Equifax credit report.

30.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

31.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

32.     Despite Defendant Equifax having received Plaintiff's dispute of the inaccurate information regarding the Account, Equifax continues to report the Account inaccurately.

33.     Continuing to report the status of the Account in this fashion is significant.

34.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff owes an amount on the Account that he does not actually owe and that the original creditor on the Account is someone that it is not, reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

35.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score; showing this incorrect account balance and original creditor would cause

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

a lower credit score to be generated.

36. Equifax failed to conduct a reasonable investigation and reinvestigation.

37. Equifax failed to review and consider all relevant information submitted by Plaintiff.

38. Equifax failed to conduct an independent investigation and, instead, deferred to the furnishers of the Account, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

39. Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

40. Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

41. Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the furnisher of the Account despite being in possession of evidence that the information was inaccurate.

42. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

43. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

44. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

45.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

46.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

47.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

48.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

49.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50.     The appearance of the Account on Plaintiff's credit report, namely, the Account

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

51.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [2] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and [4] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

53.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5, 9-20, and 25-52 of this Complaint.

54.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

55.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

56.     On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

57.     Additionally, Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

58.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

59.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual damages.

60.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

61.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

62.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant Trans Union)

63.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 9-16, and 21-24 of this Complaint.

64.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the Account with Defendant Trans Union and continues to include the same inaccurate and derogatory information concerning reporting of the Account.

65.     In or around November of 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around November of 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

66.     Despite Trans Union having been put on notice of the inaccurate and derogatory reporting, Trans Union did not remove the inaccurate reporting of the Account from Plaintiff's Trans Union report.

67.     As of the filing of this complaint, the derogatory and inaccurate information about the Account is still listed on Plaintiff's Trans Union credit report.

68.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

69.     Trans Union is a "consumer reporting agency" of consumers, as defined by §

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681a(f), and compiles the information into "credit reports," which it provides to third parties.

70.     Despite Defendant Trans Union having received Plaintiff's dispute of the inaccurate information regarding the Account, Trans Union continues to report the Account inaccurately.

71.     Continuing to report the status of the Account in this fashion is significant.

72.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff owes an amount on the Account that he does not actually owe and that the original creditor on the Account is someone that it is not, reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

73.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score; showing this incorrect account balance and original creditor would cause a lower credit score to be generated.

74.     Trans Union failed to conduct a reasonable investigation and reinvestigation.

75.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

76.     Trans Union failed to conduct an independent investigation and, instead, deferred to the furnishers of the Account, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

77.     Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

78.     Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

79.     Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the furnisher of the Account despite being in possession of evidence that the information was inaccurate.

80.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

81.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

82.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

83.     Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

84.     Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

85.     Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

86.     The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

87.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.     The appearance of the Account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

89.     As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

90.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [2] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and [4] any other relief that this Court deems proper under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

91.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 9-16, 21-24, and 63-90 of this Complaint.

92.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

93.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

94.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

95.     Additionally, Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

96.     Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

97.     The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual damages.

98.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

100.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Capital One)

101.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, and 9-24 of this Complaint.

102.     Defendant Capital One is a financial institution.

103.     In or about November 2023, Plaintiff checked his credit reports and noticed that there was an inaccurate reporting from Defendant Capital One.

104.     In or about November 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendants Equifax and Trans Union by Defendant Capital

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

One (the "Dispute").

105.     In response to the Dispute, Defendants Equifax and Trans Union promptly and properly gave notice to Defendant Capital One of the Dispute in accordance with the FCRA.

106.     As of the filing of this complaint, the debt has continued to be verified by Defendant Capital One.

107.     Defendant Capital One is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

108.     On a date better known by Defendant Capital One, Defendants Equifax and Trans Union promptly and properly gave notice to Defendant Capital One of Plaintiff's Dispute in accordance with the FCRA.

109.     In response to the notices received from Defendants Equifax and Trans Union regarding Plaintiff's Dispute, Defendant Capital One did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

110.     In response to receiving notices from Defendants Equifax and Trans Union regarding Plaintiff's Dispute, Defendant Capital One failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendants Equifax and Trans Union could not otherwise verify.

111.     Instead of conducting a reasonable investigation, Defendant Capital One erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendants Equifax and Trans Union.

112.     On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reasonable investigation with respect to the disputed information.

113.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Trans Union.

114.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax and Trans Union about the inaccurate information.

115.    Upon information and belief, Defendant Capital One was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

116.    Defendant Capital One's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

117.    As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

118.    Defendant Capital One's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual and statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant Capital One, awarding Plaintiff the following relief: [1] actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [2] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and [4] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Capital One)

120.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 9-24, and 101-119 of this Complaint.

121.    On at least one occasion within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

122.    On one or more occasions within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

123.    On one or more occasions within the past year, by example only and without limitation, Defendant Capital One violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

124.    When Defendant Capital One received notice of Plaintiff's dispute from Defendants Equifax and Trans Union, Defendant Capital One could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

125.    Defendant Capital One would have discovered that the information it was reporting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

about Plaintiff was inaccurate if Defendant Capital One had reviewed its own systems and previous communications with the Plaintiff.

126.    Defendant Capital One's investigation was per se deficient by reason of these failures in Defendant Capital One's investigation of Plaintiff's Dispute.

127.    As a direct and proximate result of Defendant Capital One's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to  cure  the  errors  in  Plaintiff's  credit;  (iv)  mental  anguish,  added  stress,  aggravation, embarrassment,  and  other  related  impairments  to  the  enjoyment  of  life  such  as  headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

128.    Defendant  Capital  One's  actions  constitute  negligent  noncompliance  with  the FCRA  rendering  it  liable  for  actual  damages  as  well  as  attorney's  fees  in  an  amount  to  be determined by the Court pursuant to 15 U.S.C. §1681o.

129.    WHEREFORE,  Plaintiff,  respectfully,  requests  this  Court  to  enter  a  judgment against Defendant Capital One awarding Plaintiff the following relief: [1] actual damages pursuant to  15  U.S.C.  §  1681o(a)(1);  [2]  costs  and  reasonable  attorneys'  fees  pursuant  to  15  U.S.C.  § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 7
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Jefferson Capital)

130.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4 and 8-24 of this Complaint.

131.    Defendant Jefferson Capital is a debt collection company.

132.    In or about November 2023, Plaintiff checked his credit reports and noticed that

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

there was an inaccurate reporting from Defendant Jefferson Capital.

133.    In or about November 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendants Equifax and Trans Union by Defendant Jefferson Capital (the "Dispute").

134.    In response to the Dispute, Defendants Equifax and Trans Union promptly and properly gave notice to Defendant Jefferson Capital of the Dispute in accordance with the FCRA.

135.    As of the filing of this complaint, the debt has continued to be verified by Defendant Jefferson Capital.

136.    Defendant Jefferson Capital is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

137.    On a date better known by Defendant Jefferson Capital, Defendants Equifax and Trans Union promptly and properly gave notice to Defendant Jefferson Capital of Plaintiff's Dispute in accordance with the FCRA.

138.    In response to the notices received from Defendants Equifax and Trans Union regarding Plaintiff's Dispute, Defendant Jefferson Capital did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

139.    In response to receiving notices from Defendants Equifax and Trans Union regarding Plaintiff's Dispute, Defendant Jefferson Capital failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendants Equifax and Trans Union could not otherwise verify.

140.    Instead of conducting a reasonable investigation, Defendant Jefferson Capital erroneously validated the Accounts and continued to report inaccurate and fraudulent information

to Defendants Equifax and Trans Union.

141.    On at least one occasion within the past year, by example only and without limitation, Defendant Jefferson Capital violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

142.    On at least one occasion within the past year, by example only and without limitation, Defendant Jefferson Capital violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Trans Union.

143.    On at least one occasion within the past year, by example only and without limitation, Defendant Jefferson Capital violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax and Trans Union about the inaccurate information.

144.    Upon information and belief, Defendant Jefferson Capital was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

145.    Defendant Jefferson Capital's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

146.    As a direct and proximate result of Defendant Jefferson Capital's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

147.    Defendant Jefferson Capital's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual and statutory damages as well as punitive damages as the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Jefferson Capital, awarding Plaintiff the following relief: [1] actual and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [2] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and [4] any other relief that this Court deems proper under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Jefferson Capital)

149.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 8-24, and 130-148 of this Complaint.

150.    On at least one occasion within the past year, by example only and without limitation, Defendant Jefferson Capital violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

151.    On one or more occasions within the past year, by example only and without limitation, Defendant Jefferson Capital violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

152.    On one or more occasions within the past year, by example only and without limitation, Defendant Jefferson Capital violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

153.    When Defendant Jefferson Capital received notice of Plaintiff's dispute from

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendants Equifax and Trans Union, Defendant Jefferson Capital could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

154.    Defendant Jefferson Capital would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Jefferson Capital had reviewed its own systems and previous communications with the Plaintiff.

155.    Defendant Jefferson Capital's investigation was per se deficient by reason of these failures in Defendant Jefferson Capital's investigation of Plaintiff's Dispute.

156.    As a direct and proximate result of Defendant Jefferson Capital's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

157.    Defendant Jefferson Capital's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

158.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Jefferson Capital awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: January 23, 2024

Respectfully Submitted,

/s/ Zane C. Hedaya
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*